**IN THE UNITED STATES DISTRICT COURT**
<u>**FOR THE DISTRICT OF MARYLAND**</u>

| | |
|---|---|
| PACIFIC CYCLE, INC. | * |
| 4902 Hammersley Road | * |
| Madison, Wisconsin  53711 | * |
| | * |
| | * |
| and | * |
| | * |
| | * |
| South China Insurance Co. Ltd., | * |
| a/s/o PACIFIC CYCLE, INC. | * |
| 5F.6F., No. 560, Sec. 4 | * |
| Zhongxiao E. Rd., Xinyi Dist. | * |
| Taipei City, Taiwan, R.O.C. | * |
| | * |
| | * |
| and | * |
| | * |
| | * |
| Taiwan Fire & Marine Insurance Co. Ltd. | * |
| a/s/o PACIFIC CYCLE, INC. | * |
| No. 49, Guanqian Road 8 and 9th Floor | *     Civil Action No. _____ |
| Zhongzhang District | * |
| Taipei City, Taiwan, R.O.C. | * |
| | * |
| | * |
| and | * |
| | * |
| | * |
| The First Insurance Co. Ltd., | * |
| a/s/o PACIFIC CYCLE, INC. | * |
| No. 54, Sec. 1, Zhongxiao E. Rd. | * |
| Zhongzheng Dist. | * |
| Taipei City, Taiwan, R.O.C. | * |
| | * |
| | * |
| Plaintiffs | * |
| | * |
| | * |
| v. | * |
| | * |
| | * |

APOLLO RETAIL SPECIALISTS, LLC          *
1234 Tech Blvd.                                         *
Tampa, Florida  33619                              *
                                                                *
Serve on:                                                  *
                                                                *
Walt McConnell, Resident Agent            *
5900 Harris Technology Blvd., Suite T   *
Charlotte, NC  28269-3784                       *
                                                                *
                Defendant.                              *
                                                                *
*      *      *      *      *      *      *      *      *      *      *      *

## COMPLAINT WITH JURY DEMAND

Now comes the Plaintiffs, PACIFIC CYCLE, INC., SOUTH CHINA INSURANCE CO. LTD., as subrogee of PACIFIC CYCLE, INC., TAIWAN FIRE & MARINE INSURANCE CO. LTD., as subrogee of PACIFIC CYCLE, INC., and THE FIRST INSURANCE CO. LTD., as subrogee of PACIFIC CYCLE, INC., by and through their attorneys, Michael N. Russo, Jr. and the Law Offices of Council, Baradel, Kosmerl & Nolan, P.A., and for its cause of action against the defendant, APOLLO RETAIL SPECIALISTS, LLC and hereby states as follows:

## NATURE OF THIS ACTION

This is a lawsuit for contribution, indemnification, negligence and spoliation based on actions for negligence on the part of Apollo Retail Specialists, LLC.

## PARTIES, JURISDICTION AND VENUE

1.     The Plaintiff, Pacific Cycle, Inc. (hereinafter "Pacific Cycle") is a corporation duly organized and  with it principal place of business in the State of Wisconsin. Pacific is in the business of marketing and distributing bicycles including the subject Schwinn-branded

2

bicycle, serial number SNMNG12H13937 ("hereinafter "subject bicycle"). Pacific Cycle sold the subject bicycle to Sears, Roebuck and Co. (hereinafter "Sears").

2.      Plaintiff, South China Insurance Co. Ltd., is a Taiwanese company with its principal place of business in Taipei, Taiwan, R.O.C., in the business of providing insurance and provided insurance to Pacific Cycle in connection with the relevant events.

3.      Plaintiff, Taiwan Fire & Marine Insurance Co. Ltd., is a Taiwanese company with its principal place of business in Taipei, Taiwan, R.O.C., in the business of providing insurance and provided insurance to Pacific Cycle in connection with the relevant events.

4.      Plaintiff, The First Insurance Co. Ltd., is a Taiwanese company with its principal place of business in Taipei City, Taiwan, R.O.C., in the business of providing insurance and provided insurance to Pacific Cycle in connection with the relevant events.

5.      Defendant, Apollo Retail Specialists, LLC (hereinafter "Apollo") is a North Carolina company with its principal place of business in the State of Florida.  Apollo entered into a written agreement with Sears to be the exclusive in-store final assembler of consumer retail goods in their stores across the United States. Apollo performed final assembly of the subject bicycle at the Sears store located at Marley Station Mall, 7900 Ritchie Highway, Glen Burnie, Maryland 21061.  Upon information and belief, none of the members of Apollo share citizenship with any Plaintiff.

6.      The Court has subject matter jurisdiction over the dispute pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties.

7.      The Court is the proper venue for this dispute pursuant to 28 U.S.C. § 1391(b) because a substantial party of the events giving rise to this claim occurred in this jurisdiction.

## FACTUAL ALLEGATIONS IN SUPPORT OF ALL COUNTS

8.     The Plaintiffs hereby reiterate and incorporate each and every allegation contained in the preceding paragraphs as if fully set forth herein.

9.     Pacific Cycle contracted with Yong Qi (Chang Zhou) Bicycle Industrial Co., Ltd. (hereinafter "Ming Cycle") for manufacture and partial assembly of the subject bicycle in China.

10.     At all times relevant and as part of its quality control process, Pacific Cycle performed inspections and testing through an independent third-party to ensure the subject bicycle was designed and manufactured in compliance with applicable standards.

11.     Ming Cycle manufactured the subject bicycle in August 2012, placed the partially assembled bicycle in a sealed box, and shipped it to Pacific Cycle in the United States.

12.     Pacific Cycle took possession of the aforementioned sealed box containing the subject bicycle and shipped it to one of its warehouses in the United States. The subject bicycle arrived in the United States on or about September 11, 2012.

13.     Pacific Cycle shipped the partially assembled subject bicycle in its original sealed box to Sears shortly after it arrived in the United States on September 11, 2012, in satisfaction of a purchase order from Sears.

14.     Sears contracted with Apollo to be the exclusive in-store final assembler for consumer goods including the subject bicycle.

15.     Prior to November 13, 2013, Apollo removed the bicycle from the sealed box and performed a final assembly and inspection of the subject bicycle.

4

16.     On or about November 13, 2013, Sears sold the subject bicycle via layaway to John Klein, an employee of Sears and a United States citizen and resident of the State of Maryland. Mr. Klein took possession of the subject bicycle on or about November 29, 2013.

17.     On December 11, 2013, Mr. Klein was operating the subject bicycle on Quarterfield Road, at or near its intersection with WB&A Road in Anne Arundel County.

18.     While riding the bicycle, the left crank arm of the bicycle detached from the bottom bracket/spindle, causing plaintiff to fall from the bicycle and land on the ground, with part of his body in the travel lane of Quarterfield Road.

19.     A vehicle traveling lawfully on Quarterfield Road was unable to avoid Plaintiff, running over his right leg causing catastrophic injuries.

20.     On or about December 8, 2016, Mr. Klein filed suit in Anne Arundel Circuit Court against Pacific Cycle, Inc., Sears, Roebuck and Company, and Apollo Retail Specialists, LLC, case number C-02-CV-16-003661.

21.     On or about November 8, 2017, Plaintiff voluntarily dismissed Sears and Apollo without prejudice and without an acknowledgement or finding of Joint Tortfeasor status.

22.     On or about August 1, 2018, Pacific Cycle entered into a confidential settlement with Mr. Klein, resulting in dismissal of Mr. Klein's action.[1]

## COUNT I – CONTRIBUTION/NEGLIGENCE

23.     Plaintiffs hereby reiterate and incorporate each and every allegation contained in the preceding paragraphs as if fully set forth herein.

---

[1] Given the confidential nature of the settlement agreement, the amount paid to Mr. Klein is not included in the Complaint, but the Plaintiffs represent it exceeds the jurisdictional threshold.

24.     Under various provisions of Maryland law, including but not limited to the Maryland Uniform Contribution Among Tortfeasors Act (Maryland Code §§ 3-1401 et seq. of the Courts and Judicial Proceedings Article), tortfeasors who have extinguished the common liability of joint tortfeasors may seek contribution against the non-settling tortfeasors when liability of the contributing Defendant has been extinguished as in the Release.

25.     Prior to November 29, 2013 and at all times relevant, Apollo had a duty to Sears and its customers, including Mr. Klein, to inspect, assemble, adjust, complete the manufacture of and test the subject bicycle before it was offered for sale and to ensure it was in a reasonably safe condition for use by Mr. Klein.

26.     Apollo was negligent in carrying out the described responsibilities and failed to act within its duty of care in the following respects:

    a.   Failed to ensure its assembly technician/mechanic was appropriately trained, educated and certified to conduct final assembly and inspection of the subject bicycle;

    b.   Failed to provide its assembly technicians/mechanics with appropriate industry standards and guidelines for conducting final assembly and inspection of the subject bicycle;

    c.   Failed to properly assemble and inspect the subject bicycle to ensure that the left crank arm bolt was sufficiently tightened or seated;

    d.   Failed to verify bolt torque of the crank bolt of the left crank arm by physical manipulation or torque wrench during final assembly and inspection;

    e.   Failed to re-torque the left crank arm bolt multiple times;

    f.   Failed to ensure the left crank arm was sufficiently tight or seated by taking the subject bicycle on a test ride;

    g.   Created a corporate policy which stated its assembly technician/mechanic did not have to check factory pre-assembled parts in direct violation of industry standards;

    h.   Failed to document its repairs and assemblies, including but not limited to failing to document its work in writing by bicycle serial number, date and work performed, which resulted in a spoliation of evidence;

    i.   Failed to maintain an appropriate document retention policy, which resulted in a spoliation of evidence; and

    j.   Committed such other acts or omissions, constituting carelessness and negligence, as may appear during the course of discovery procedures or as may be adduced at the trial of this case.

27.    As a direct and proximate result of the aforesaid negligent acts and/or omissions, Mr. Klein suffered significant personal injuries to the right leg, medical expenses and lost wages.

28.    On or about August 1, 2018, Pacific Cycle entered into a settlement with Mr. Klein, resulting in dismissal of Mr. Klein's action.

29.    Plaintiffs deny any and all negligence or wrongdoing by Pacific Cycle, and maintain that all injuries, losses and damages sustained by Mr. Klein were sustained in whole or in part as a result of Apollo's negligence, and that Apollo is responsible and liable for Mr. Klein's damages.

30.    Since Plaintiffs have extinguished a common liability and paid more than their fair share in settlement, Plaintiffs are entitled contribution from the non-settling tortfeasor Apollo for the amount Plaintiffs paid Mr. Klein for damages caused by Apollo's negligence.

WHEREFORE, the Plaintiffs, PACIFIC CYCLE, INC., SOUTH CHINA INSURANCE CO. LTD., as subrogee of PACIFIC CYCLE, INC., TAIWAN FIRE & MARINE INSURANCE CO. LTD., as subrogee of PACIFIC CYCLE, INC., and THE FIRST INSURANCE CO. LTD., as subrogee of PACIFIC CYCLE, INC., seek judgment against APOLLO RETAIL SPECIALISTS, LLC., in an amount no greater than the amount paid to John Klein via settlement representing Apollo's contribution liability, together with costs of

litigation and for any and all further relief this court deems just and proper, and further demands trial by jury of all issues triable as of right by jury.

## COUNT II – INDEMNIFICATION/NEGLIGENCE

31.    Plaintiffs hereby reiterate and incorporate each and every allegation contained in the preceding paragraphs as if fully set forth herein.

32.    On or about December 8, 2016, Mr. Klein filed suit in Anne Arundel Circuit Court, case number C-02-CV-16-003661 in which both Pacific Cycle and Apollo were made parties on the ground that they were joint tortfeasors.

33.    Mr. Klein's suit was brought to recover damages suffered while riding the subject bicycle, which occurred after the left crank arm of the bicycle detached from the bottom bracket/spindle, causing Mr. Klein to fall from the bicycle and land on the ground, with part of his body in the travel lane of Quarterfield Road.  A vehicle traveling lawfully on Quarterfield Road was unable to avoid Mr. Klein, running over his right leg causing catastrophic injuries.

34.    Such injuries were caused entirely by Apollo's negligence in carrying out the described responsibilities and failed to act within its duty of care in the following respects:

   a.   Failed to ensure its assembly technician/mechanic was appropriately trained, educated and certified to conduct final assembly and inspection of the subject bicycle;

   b.   Failed to provide its assembly technicians/mechanics with appropriate industry standards and guidelines for conducting final assembly and inspection of the subject bicycle;

   c.   Failed to properly assemble and inspect the subject bicycle to ensure that the left crank arm bolt was sufficiently tightened or seated;

   d.   Failed to verify bolt torque of the crank bolt of the left crank arm by physical manipulation or torque wrench during final assembly and inspection;

e.   Failed to re-torque the left crank arm bolt multiple times;

f.   Failed to ensure the left crank arm was sufficiently tight or seated by taking the subject bicycle on a test ride;

g.   Created a corporate policy which stated its assembly technician/mechanic did not have to check factory pre-assembled parts in direct violation of industry standards;

h.   Failed to document its repairs and assemblies, including but not limited to failing to document its work in writing by bicycle serial number, date and work performed, which resulted in a spoliation of evidence;

i.   Failed to maintain an appropriate document retention policy, which resulted in a spoliation of evidence; and

j.   Committed such other acts or omissions, constituting carelessness and negligence, as may appear during the course of discovery procedures or as may be adduced at the trial of this case.

35.     As a direct and proximate result of the aforesaid negligent acts and/or omissions, Mr. Klein suffered significant personal injuries to the right leg, medical expenses and lost wages.

36.     On or about August 1, 2018, Pacific Cycle entered into a settlement with Mr. Klein, resulting in dismissal of Mr. Klein's action.

37.     Plaintiffs deny any and all negligence or wrongdoing by Pacific Cycle, and maintain that all injuries, losses and damages sustained by Mr. Klein were sustained as a result of Apollo's sole negligence, and that Apollo is responsible and liable for Mr. Klein's damages.

38.     Therefore, Plaintiffs are entitled to the full amount they paid Mr. Klein for damages caused by the subject bicycle inspected and assembled by Apollo that resulted in Mr. Klein's injuries.

39.     Plaintiffs have demanded that Apollo indemnify them for the sums so paid to Mr. Klein, but Apollo has failed and refused, and still fails and refuses, to pay such sums, or any part of such sums, to Plaintiffs.

WHEREFORE, the Plaintiffs, PACIFIC CYCLE, INC., SOUTH CHINA INSURANCE CO. LTD., as subrogee of PACIFIC CYCLE, INC., TAIWAN FIRE & MARINE INSURANCE CO. LTD., as subrogee of PACIFIC CYCLE, INC., and THE FIRST INSURANCE CO. LTD., as subrogee of PACIFIC CYCLE, INC., seek judgment against APOLLO RETAIL SPECIALISTS, LLC., in an amount no greater than the amount paid to John Klein via settlement representing Apollo's indemnification liability, together with costs of litigation and for any and all further relief this court deems just and proper, and further demands trial by jury of all issues triable as of right by jury.

## COUNT III –SPOLIATION OF EVIDENCE

40.     Plaintiffs hereby reiterate and incorporate each and every allegation contained in the preceding paragraphs as if fully set forth herein.

41.     There is post-accident evidence that the bolt was properly seated and tightened to the left crank arm assembly during the manufacturing stage and that someone must have physically removed the bolt at some point after the sealed box was opened by Apollo.

42.     At all times relevant from the date Pacific Cycle shipped the sealed box to Sears shortly after September 11, 2012 up to and including the date the subject bicycle was sold by Sears to Mr. Klein on November 19, 2013, only Apollo would have been tasked with repairing the bicycle or conducting final assembly and inspection.

43.     At all times relevant, Apollo had a duty to document its work in writing by bicycle serial number, date and work performed.

44.     Apollo breached this duty by failing to document its repairs and assemblies pursuant to a legal document retention policy.

45.     Apollo's breach of this duty deprived Pacific Cycle of defenses in the underlying case filed by Mr. Klein, and was a proximate cause of Pacific Cycle having to pay Mr. Klein more than its fair share of liability.

WHEREFORE, the Plaintiffs, PACIFIC CYCLE, INC., SOUTH CHINA INSURANCE CO. LTD., as subrogee of PACIFIC CYCLE, INC., TAIWAN FIRE & MARINE INSURANCE CO. LTD., as subrogee of PACIFIC CYCLE, INC., and THE FIRST INSURANCE CO. LTD., as subrogee of PACIFIC CYCLE, INC., seek judgment against APOLLO RETAIL SPECIALISTS, LLC., in an amount no greater than the amount paid to John Klein via settlement representing Apollo's liability for spoliation of evidence, together with costs of litigation and for any and all further relief this court deems just and proper, and further demands trial by jury of all issues triable as of right by jury.

COUNCIL, BARADEL, KOSMERL & NOLAN, P.A.

By:     */s/ Michael N. Russo, Jr.*
        Michael N. Russo, Jr.  (#07322)
        125 West Street, 4th Floor
        Annapolis, Maryland 21401
        (410) 268-6600
        E-Mail - Russo@CouncilBaradel.com
        *Attorneys for Plaintiffs*

11